IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Gray Tyrone Rutledge, | ) | Case No.: 8:26-cv-01795-JD-WSB |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Warden of Berkley County Detention Center, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the Court for review of the Report and Recommendation (the "Report") of United States Magistrate Judge William S. Brown, issued under 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) (D.S.C.). (DE 9.) The Report recommends dismissing Petitioner Gary Tyrone Rutledge's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 without prejudice and without requiring Respondent to file an answer or return.[1] The time for filing objections has expired, and no objections have been filed.

## A.    Background

Petitioner, proceeding *pro se* and *in forma pauperis*, is a state pretrial detainee confined at the Berkeley County Detention Center. He filed this § 2241 Petition

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

challenging the revocation or conditions of his bond in pending state criminal proceedings. (DE 1.) Petitioner asserts claims under the Fourth, Eighth, and Fourteenth Amendments and asks this Court to reinstate his bond or release him on a personal-recognizance bond.

On May 11, 2026, the Magistrate Judge authorized service, substituted the Warden of Berkeley County Detention Center as the proper Respondent, directed Respondent not to answer pending initial review, and granted Petitioner leave to proceed *in forma pauperis*. (DE 6; DE 8.) The Clerk mailed those orders and the Report to Petitioner at the detention center. (DE 10.) The docket does not reflect that the mailing was returned.

The Report concludes that Petitioner has not exhausted the remedies available in the South Carolina courts and has not demonstrated special circumstances warranting federal intervention before the state criminal proceedings have concluded. The Report also discusses abstention under *Younger v. Harris*, 401 U.S. 37 (1971), as an alternative ground for dismissal. (DE 9.)

The Report advised Petitioner of the right to file specific written objections and the consequences of failing to do so. No objections or other responses were filed, and the matter is ready for disposition.

Because the failure to exhaust state remedies is dispositive, the Court addresses that ground and does not reach the Report's alternative abstention analysis.

### B.    Legal Standard

The Court must review de novo only those portions of the Report to which a party makes a specific objection. 28 U.S.C. § 636(b)(1). To be actionable, objections must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985)).

When no specific objection is made, the Court need not conduct de novo review and need only satisfy itself that there is no clear error on the face of the record before accepting the recommendation. *Diamond v. Colonial Life & Accident Insurance Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

### C.    Discussion

A state pretrial detainee may seek habeas relief under 28 U.S.C. § 2241, but federal intervention before trial is limited. A petitioner must first exhaust available state-court remedies. *See Braden* v. *30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 490-91 (1973). The exhaustion requirement reflects principles of comity and affords the state courts the first opportunity to address and correct alleged violations of federal rights.

3

The face of the Petition and the state-court records discussed in the Report show that Petitioner's criminal charges remain pending. Petitioner challenges the bond determination and GPS-monitoring conditions imposed in connection with those proceedings, but he does not show that he presented his constitutional claims through the available state procedures or pursued a proper appeal in the South Carolina courts.

Petitioner may raise his federal constitutional arguments in the pending state proceedings and through the state appellate process. His request that this Court reinstate bail or order his release would require federal intervention before the state courts have had a full and fair opportunity to consider those claims. The Petition, therefore, is premature.

The Court also agrees that Petitioner has not alleged special circumstances justifying pretrial habeas intervention. The asserted bond and monitoring claims can be presented to the state courts and, if necessary, reviewed through the ordinary appellate process. Habeas corpus may not be used as a substitute for those available procedures.

Accordingly, the Court finds no clear error in the Report's conclusion that Petitioner has failed to exhaust available state-court remedies. Dismissal without prejudice is appropriate because it leaves Petitioner free to pursue any available state remedies and, if otherwise proper, to seek federal habeas relief after exhaustion.

Because non-exhaustion fully resolves the Petition, the Court does not decide whether dismissal is independently required under *Younger*. The Court, therefore,

adopts the Report's recommended disposition without adopting its alternative abstention analysis as an additional basis for judgment.

The Court further concludes that a certificate of appealability should not issue. Petitioner has not made a substantial showing of the denial of a constitutional right, and reasonable jurists would not find the Court's procedural ruling debatable. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**D.    Conclusion**

Accordingly, the Court ADOPTS the Report's recommendation to the extent it concludes that Petitioner failed to exhaust his available state-court remedies. The Petition is DISMISSED WITHOUT PREJUDICE and without requiring Respondent to file an answer or return. A certificate of appealability is DENIED. The Clerk is directed to enter judgment and close the case.

**IT IS SO ORDERED**.

_____
Joseph Dawson, III
United States District Judge

Florence, South Carolina
July 31, 2026

**NOTICE OF RIGHT TO APPEAL**

A party seeking to appeal must file a notice of appeal with the Clerk of Court within thirty (30) days after entry of the judgment. Fed. R. App. P. 3, 4(a)(1)(A).